IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE
JUN 1 5 2007
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| ANDREW J. PERLMUTTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2007CV135657 |
| REED ELSEVIER, INC. D/B/A/ LEXISNEXIS; | ) ) ) |
| Defendant. | ) ) |

### COMPLAINT

1.

Plaintiff Andrew J. Perlmutter brings this action against Defendant Reed Elsevier, Inc. d/b/a LexisNexis to recover certain benefits owed under an Employment Agreement entered into by and between Perlmutter and Reed Elsevier, Inc.

### PARTIES, JURISDICTION AND VENUE

2.

Perlmutter is a citizen of the State of Georgia, and a resident of Fulton County. He resides at 8995 Old Southwick Press, Alpharetta, GA 30022.

3.

Reed Elsevier, Inc. d/b/a/ LexisNexis is a corporation organized and existing under the laws of Massachusetts, and is authorized to and does conduct business in the State of Georgia. Reed Elsevier, Inc. can be served through an appropriate agent at 245 Peachtree Center Ave, NE, Atlanta, GA, 30303.

4.

The Court has jurisdiction over the subject matter of this action.

- 1 -


EXHIBIT A

5.

The employment contract between Perlmutter and Reed Elsevier, Inc. was to be performed from Perlmutter's residence in Fulton County. Reed Elsevier, Inc. maintains an office in Fulton County at 245 Peachtree Center Ave, NE, Atlanta, GA, 30303. Therefore, venue is proper pursuant to O.C.G.A. § 14-2-510.

## FACTS

6.

On September 13, 2004, Perlmutter and Reed Elsevier, Inc. entered into an employment contract ("Employment Agreement"), a true and correct copy of which is attached hereto as Exhibit 1.

7.

The Employment Agreement provides for the employment of Perlmutter as Vice President, Market Planning.

8.

The Employment Agreement contains a section regarding "Severance" and states, "Should your employment with the company be terminated, at any time, for any reason other than Cause, you will receive a severance payment equal to twelve months of your then current base salary upon signing a waiver and release agreement in a form acceptable to LexisNexis."

9.

Reed Elsevier, Inc. terminated Perlmutter's employment on March 31, 2007.

10.

Perlmutter was not terminated for Cause as the circumstances giving rise to Perlmutter's separation from the company did not fall within the narrow and specific definition of "Cause" as described in the Employment Agreement.

11.

At the date of his termination, Perlmutter's semi-monthly salary was $12,500.00 (which equates to $300,000, if annualized).

12.

As part of his 2007 compensation plan, Perlmutter was entitled to receive a bonus. Reed Elsevier, Inc. has not yet paid Perlmutter for the bonus, of approximately $33,000, that he accrued and earned during January, February and March of 2007.

13.

Despite repeated requests to Reed Elsevier, Inc. to tender the severance and bonus pay, Reed Elsevier, Inc. has refused.

## COUNT I - BREACH OF CONTRACT

14.

Perlmutter realleges and incorporates by reference herein paragraphs 1 through 13 set forth above, as if fully set forth herein.

15.

Reed Elsevier, Inc. has breached its Employment Agreement with Perlmutter by failing and refusing to pay Perlmutter the severance pay, in the amount of $300,000, as provided in the severance section of the Employment Agreement.

16.

Reed Elsevier, Inc. has breached its Employment Agreement with Perlmutter by failing to pay him the bonus, in the amount of approximately $33,000, that he accrued and earned in January, February, and March of 2007.

17.

Reed Elsevier, Inc.'s breach of its written Employment Agreement as described herein entitles Perlmutter to recover from Reed Elsevier, Inc. the principal amount alleged above, together with attorney's fees, prejudgment interest and court costs as hereinafter alleged.

## COUNT II – ATTORNEY'S FEES

18.

Perlmutter realleges and incorporates by reference herein paragraphs 1 through 17 set forth above, as if fully set forth herein.

19.

Reed Elsevier, Inc. has acted in bad faith, been stubbornly litigious, and has caused Perlmutter unnecessary trouble and expense. Perlmutter is therefore entitled to recover his expenses of litigation, including attorney's fees incurred in prosecuting this action pursuant to O.C.G.A. § 13-6-11.

## COUNT III – PREJUDGMENT INTEREST

20.

Perlmutter realleges and incorporates by reference herein paragraphs 1 through 19 set forth above, as if fully set forth herein.

21.

Perlmutter is entitled to recover prejudgment interest running from the date of Reed Elsevier, Inc.'s breach of contract pursuant to O.C.G.A. § 13-6-13.

WHEREFORE, Plaintiff, Andrew J. Perlmutter, having set forth his Complaint in this matter, prays that after due proceedings had, the Court enter judgment in his favor and against the Defendant, Reed Elsevier, Inc. as follows:

1. That Perlmutter recover all amounts due and owing by reason of Reed Elsevier, Inc.'s breach of contract and violation of Georgia law;

2. That Perlmutter recover prejudgment interest running from the date of Reed Elsevier, Inc.'s breach;

3. That Perlmutter recover his expenses of litigation together with his reasonable attorney's fees incurred in the matter;

4. That Perlmutter recover his costs incurred in this matter together with such other and further relief as the Court may deem mete and proper.

This 15th day of June, 2007

JOHN L. MONROE, JR.
Georgia Bar No. 516190
JACLYN C. PLATTEN
Georgia Bar No. 113250
FORD & HARRISON LLP
1275 Peachtree Street, N.E.
Suite 600
Atlanta, Georgia 30309
(404) 888-3800

Atlanta:423388.1