IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW J. PERLMUTTER,<br><br>　　Plaintiff,<br><br>v.<br><br>REED ELSEVIER, INC. D/B/A<br>LEXISNEXIS,<br><br>　　Defendant. | Case No. 1:07-CV-1762-GET |

## ANSWER AND COUNTERCLAIMS

Defendant LexisNexis, a division of Reed Elsevier Inc. ("Defendant"), incorrectly identified by Plaintiff as "Reed Elsevier Inc. d/b/a LexisNexis," by and through counsel, hereby files this Answer and Counterclaims to Plaintiff Andrew J. Perlmutter's ("Plaintiff") Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted for breach of contract because Plaintiff failed to allege that he performed all conditions precedent for payment of severance.

### SECOND DEFENSE

Plaintiff has waived any claim it has against Defendant.

### THIRD DEFENSE

Plaintiff is estopped from pursuing any claim it has against Defendant.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by setoff.

### FIFTH DEFENSE

Defendant did not act in bad faith, was not stubbornly litigious, and did not cause Plaintiff unnecessary trouble and expense warranting attorneys' fees under O.C.G.A. § 13-6-11.

### SIXTH DEFENSE

Responding to the specific enumerated paragraphs of the Complaint, Defendant answers as follows:

1.

Defendant admits only that Plaintiff purports to bring this action against Defendant to recover certain benefits allegedly owed under the Employment Agreement entered into by and between Plaintiff and Defendant, but denies that Defendant is entitled to any relief from Defendant.

## PARTIES, JURISDICTION AND VENUE

2.

Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.

Defendant admits that LexisNexis is a division of Reed Elsevier Inc., which is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, and that it can be served at 245 Peachtree Center Ave, NE, Atlanta, GA 30303. Defendant denies the remaining allegations contained in paragraph 3.

4.

To the extent the allegations in paragraph 4 are conclusions of law, no admission or denial is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.

To the extent the allegations in paragraph 5 are conclusions of law, no admission or denial is required. To the extent a response is required, Defendant admits the allegations contained in paragraph 5 of the Complaint.

**FACTS**

6.

Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.

Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.

Defendant admits only that the Employment Agreement contains a "Severance" provision and that the language quoted by Plaintiff is only part of the complete "Severance" provision. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.

Defendant admits only that Plaintiff voluntarily resigned his employment with Defendant thereby disqualifying him from receiving any severance payments pursuant to the Employment Agreement. Therefore, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.

Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.

Defendant admits only that Plaintiff has made requests for severance and bonus pay and that Plaintiff did not tender any such payments because Plaintiff was not eligible for them. Defendant denies the remaining allegations contained in paragraph 13 of the Complaint.

### COUNT I - BREACH OF CONTRACT

14.

Defendant incorporates by reference its responses to the allegations in paragraphs 1 through 13 of the Complaint as fully set forth herein.

15.

Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Complaint.

## COUNT II - ATTORNEY'S FEES

18.

Defendant incorporates by reference its responses to the allegations in paragraphs 1 through 17 of the Complaint as fully set forth herein.

19.

Defendant denies the allegations contained in paragraph 19 of the Complaint.

## COUNT III - PREJUDGMENT INTEREST

20.

Defendant incorporates by reference its responses to the allegations in paragraphs 1 through 19 of the Complaint as fully set forth herein.

21.

Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.

Defendant denies any allegation set forth in the Complaint that is not specifically admitted herein.

6

Having fully answered Plaintiff's Complaint and having denied any liability, Defendant denies Plaintiff is entitled to the relief prayed for or to any relief whatsoever and requests this Court deny Plaintiff the relief requested, dismiss this action against Defendant with prejudice, and grant Defendant its reasonable attorneys' fees, together with such other and further relief as this Court may deem proper.

### **COUNTERCLAIMS**

Defendant LexisNexis, a division of Reed Elsevier Inc., pursuant to Fed. R. Civ. P. 13, hereby submits its Counterclaims to Plaintiff's Complaint as follows:

1.

Counterclaim Plaintiff LexisNexis, a division of Reed Elsevier Inc. ("LexisNexis"), is a corporation organized under the laws of the Commonwealth of Massachusetts and is authorized to and does conduct business in the State of Georgia.

2.

Counterclaim Defendant Andrew J. Perlmutter ("Perlmutter") is a citizen of the State of Georgia, and a resident of Fulton County. Perlmutter resides at 8995 Old Southwick Press, Alpharetta, GA 30022.

3.

Perlmutter is subject to the jurisdiction of this Court.

4.

Pursuant to 28 U.S.C. § 1367, this Court has subject matter jurisdiction over this matter.

5.

Venue is proper in this Court with respect to this Counterclaim.

6.

On August 13, 2004, LexisNexis tendered a written offer of employment to Perlmutter for the position of VP, Market Planning. On September 13, 2004, Perlmutter accepted LexisNexis' offer by executing the written offer letter, a true and correct copy of which is attached hereto as Exhibit A and is hereinafter referred to as the "Employment Agreement."

7.

The Employment Agreement contains a provision entitled "Sign on Bonus," which states:

> You will receive a $100,000.00 sign-on bonus as soon as administratively feasible, after you have started your employment. If you voluntarily resign prior to January 3, 2006, you agree that you are obligated to repay LexisNexis div. of Reed Elsevier the entire bonus. If you voluntarily resign between January 4, 2006 and June 30, 2007, you agree that you are obligated to repay $50,000.

8.

On December 14, 2006, Perlmutter informed LexisNexis that he was resigning unless certain demands were met.

9.

LexisNexis refused to meet Perlmutter's demands and then immediately began to transition Perlmutter out of the company pursuant to his resignation. Perlmutter's last day of employment was March 31, 2007.

10.

To date, Perlmutter has not paid LexisNexis $50,000 for repayment of his signing bonus pursuant to the Employment Agreement.

## COUNT I - BREACH OF CONTRACT

11.

LexisNexis incorporates by reference paragraphs 1 through 10 of its Counterclaim as fully set forth herein.

12.

Perlmutter breached the Employment Agreement with LexisNexis by failing to pay back the signing bonus in the amount of $50,000 because of his voluntary resignation.

**COUNT II - ATTORNEYS' FEES UNDER O.C.G.A. § 13-6-11**

13.

LexisNexis incorporates by reference paragraphs 1 through 12 of its Counterclaim as fully set forth herein.

14.

As set forth above, Perlmutter acted in bad faith, was stubbornly litigious, and/or caused LexisNexis unnecessary trouble and expense. LexisNexis is therefore entitled to recover his expenses of litigation, including attorneys' fees incurred in prosecuting this action pursuant to O.C.G.A. § 13-6-11.

**COUNT II - PREJUDGMENT INTEREST**

15.

LexisNexis incorporates by reference paragraphs 1 through 14 of its Counterclaim as fully set forth herein.

16.

LexisNexis is entitled to recover prejudgment interest running from the date of Perlmutter's breach of contract pursuant to O.C.G.A. § 13-6-13.

**PRAYER FOR RELIEF**

By reason of the foregoing, LexisNexis prays the Court enter judgment in its favor and against Perlmutter as follows:

1. That LexisNexis recover all amounts due and owing by reason of Perlmutter's breach of contract and violation of Georgia law;

2. That LexisNexis recover its reasonable attorneys' fees, costs and expenses in bringing this action pursuant to O.C.G.A. § 13-6-11;

3. That LexisNexis recover prejudgment interest running from the date of Perlmutter's breach of contract; and

4. That LexisNexis be granted such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of August, 2007.

s/ Brennan W. Bolt
Mark L. Keenan
Georgia Bar No. 406830
Brennan W. Bolt
Georgia Bar No. 066170

McGuireWoods LLP
1170 Peachtree St, N.E.
Suite 2100
Atlanta, GA 30309
(404) 443-5500

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW J. PERLMUTTER,<br><br>　　Plaintiff,<br><br>v.<br><br>REED ELSEVIER, INC. D/B/A<br>LEXISNEXIS,<br><br>　　Defendant. | Case No. 1:07-CV-1762-GET<br><br>REMOVAL |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed **Answer and Counterclaims** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> John L. Monroe, Jr.
> Jaclyn C. Platten
> Ford & Harrison LLP
> 1275 Peachtree Street, N.E.
> Suite 600
> Atlanta, Georgia 30309

This 2nd day of August, 2007.

> s/ Brennan W. Bolt
> ───────────────────
> Brennan W. Bolt
> Attorney for Defendant

\4665315.1