IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW J. PERLMUTTER,<br><br>  Plaintiff,<br><br>  v.<br><br>REED ELSEVIER, INC. D/B/A/ LEXISNEXIS,<br><br>  Defendant. | CIVIL ACTION NO.:<br>1:07-CV-1762-GET |

**JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN**

Pursuant to Local Rule 16.2, Northern District of Georgia, Plaintiff and Defendant hereby submits their Preliminary Planning Report and Discovery Plan.

**1. Description of Case:**

(a) Describe briefly the nature of this action:

Andrew J. Perlmutter seeks to recover severance pay and unpaid bonuses under a breach of contract theory. Plaintiff also seeks attorney's fees and prejudgment interest. Defendant filed a counterclaim against Plaintiff for return of a signing bonus under a breach of contract theory of recovery. Defendant also seeks attorney's fees and prejudgment interest.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

1

Plaintiff's Contention:

Plaintiff Andrew J. Perlmutter alleges that Defendant Reed Elsevier, Inc., d/b/a/ LexisNexis breached an employment agreement. Plaintiff contends that he is entitled to severance pay and certain bonus pay that he had earned at the time he was terminated.

Defendant's Contention:

Defendant alleges that Plaintiff is not entitled to damages because he voluntarily resigned and agreed that he would not be entitled to any severance pay because of his voluntary resignation. Defendant further contends that Plaintiff owes the Company repayment of a signing bonus.

  (c) The legal issues to be tried are as follows:

    (1) Whether Defendant breached its contract with Plaintiff.

    (2) Whether Plaintiff breached its contract with Defendant.

    (3) Whether Defendant is liable to Plaintiff, and if so, what are Plaintiff's damages?

    (4) Whether Plaintiff is liable to Defendant, and if so, what are Defendant's damages?

  (d) The cases listed below (include both style and action number) are:

       (1)    Pending Related Cases:  None.

       (2)    Previously Adjudicated Related Cases: None.

**2.**    **This case is complex because it possesses one (1) or more of the features listed below (please check):**  The parties contend that this case is not unusually complex.

    _____ (1)  Unusually large number of parties

    _____ (2)  Unusually large number of claims or defenses

    \_\_\_\_\_ (3)  Factual issues are exceptionally complex

    \_\_\_\_\_ (4)  Greater than normal volume of evidence

    \_\_\_\_\_ (5)  Extended discovery period is needed

    \_\_\_\_\_ (6)  Problems locating or preserving evidence

    _____ (7)  Pending parallel investigations or action by government

    _____ (8)  Multiple use of experts

    _____ (9)  Need for discovery outside United States boundaries

    _____ (10) Existence of highly technical issues and proof

**3.**    **Counsel:**

The following individually-named persons are hereby designated as lead counsel for the parties:

|  |  |
|---|---|
| Plaintiff: | John L. Monroe, Jr.<br>Ford & Harrison, LLP<br>1275 Peachtree Street, N.E.<br>Suite 600<br>Atlanta, Georgia  30309 |
| Defendant: | Brennan W. Bolt<br>McGuireWoods, LLP<br>1170 Peachtree Street, N.E.<br>Suite 2100<br>Atlanta, GA   30309 |

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes        \_\_X\_\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.    Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

None.

(b)  The following persons are improperly joined as parties:

None.

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

4

None.

(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.  **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings which the parties anticipate will be necessary:

None known at this time.

(b)  Amendments to the pleading submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.  **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: Within twenty (20) days after close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objection to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties do not have any objections.

**9. Request for Scheduling Conference**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference with the Court.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

(a)   All allegations in Plaintiff's Complaint and Defenses.
(b)   All allegations in Defendant's Counterclaim and Defenses.
(c)   All issues of fact.

    (d)    The nature and extent of Plaintiff's damages, if any.

    (e)    The nature and extent of Defendant's damages, if any.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phrases or be limited to or focused upon particular issues, please state those reasons in detail below:

None.

**11. Discovery Limitation:**

What changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

At this time, the parties do not believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None.

**13.  Settlement Potential:**

(a)  Lead Counsel for the parties certify by their signature below that they conducted a Rule 26(f) conference that was held on August 20, 2007, and that they participated in settlement discussions.

Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:   Lead Counsel (signature): /s/ John L. Monroe, Jr.
                 Other participants:      Jaclyn C. Platten


For Defendant:   Lead Counsel (signature): /s/ Brennan W. Bolt
                 Other participants:      None


(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( )  A possibility of settlement before discovery.

(X)  A possibility of settlement after discovery.

( )  A possibility of settlement, but a conference with the judge is needed.

( )  No possibility of settlement.

(c) Counsel (X) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is_____, 20___.

The parties have not yet scheduled another settlement conference.

(d) The following specific problems have created a hindrance of settlement of this case. None.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a part is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day _____, of 20___.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for the parties certify that the foregoing **JOINT PRELIMINARY PLANNING REPORT AND**

**DISCOVERY PLAN** has been prepared in Times New Roman font, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

DATED this 4th day of September, 2007.

Respectfully submitted,

| | |
|---|---|
| By: <u>s/ Brennan W. Bolt</u><br>Brennan W. Bolt<br>Georgia Bar No. 066170<br>bbolt@mcguirewoods.com<br>Mark L. Keenan<br>Georgia Bar No. 406830<br>mkeenan@mcguirewoods.com | By: <u>s/ Jaclyn C. Platten</u><br>John L. Monroe, Jr.<br>Georgia Bar No. 516190<br>jmonroe@fordharrison.com<br>Jaclyn C. Platten<br>Georgia Bar No. 113250<br>jplatten@fordharrison.com |
| Attorneys for Defendant | Attorneys for Plaintiff |
| MCGUIREWOODS, LLP<br>1170 Peachtree Street, N.E.<br>Suite 2100<br>Atlanta, GA 30309 | FORD & HARRISON LLP<br>1275 Peachtree Street, N.E.<br>Suite 600<br>Atlanta, GA 30309 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW J. PERLMUTTER,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER, INC. D/B/A/ LEXISNEXIS,<br><br>Defendant. | CIVIL ACTION NO.:<br>1:07-CV-1762-GET |

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2007, I electronically filed the foregoing **JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN** with the Clerk of the Court, using the Court's CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

        Brennan W. Bolt
        Mark L. Keenan
        MCGUIREWOODS, LLP
        1170 Peachtree Street, N.E.
        Suite 2100
        Atlanta, GA   30309

<pre>
                                    s/ Jaclyn C. Platten
                                    Jaclyn C. Platten
                                    Georgia Bar No. 113250
                                    jplatten@fordharrison.com
FORD & HARRISON LLP
1275 Peachtree Street, N.E.         Attorney for Plaintiff
Suite 600
Atlanta, Georgia 30309
Telephone: (404) 888-3800
Facsimile: (404) 888-3863
</pre>

Atlanta:430001.1