IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW J. PERLMUTTER,<br><br>　　　Plaintiff,<br><br>v.<br><br>REED ELSEVIER, INC. D/B/A<br>LEXISNEXIS,<br><br>　　　Defendant. | Case No. 1:07-CV-1762-GET |

### DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1, Defendant LexisNexis, a division of Reed Elsevier Inc. ("LexisNexis" or "Defendant"), incorrectly identified by Plaintiff as "Reed Elsevier, Inc. d/b/a LexisNexis," submits the following Initial Disclosures. The information contained herein and any documents identified, described, or produced are based only upon information presently available to LexisNexis and are given in a good faith effort to comply with Rule 26(a)(1).

**(1)　If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

ANSWER: LexisNexis, a division of Reed Elsevier Inc. is the correct identification of Defendant. LexisNexis will accept service of an amended summons and complaint through its counsel of record.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

ANSWER: At this time, LexisNexis is unaware of any necessary parties to this action who have not been named.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

ANSWER: On August 13, 2004, LexisNexis tendered a written offer of employment to Plaintiff Andrew J. Perlmutter for the position of VP, Market Planning. On September 13, 2004, Plaintiff accepted LexisNexis' offer by executing the written offer letter. The employment agreement contains a provision entitled "Sign on Bonus," which states:

> You will receive a $100,000.00 sign-on bonus as soon as administratively feasible, after you have started your employment. If you voluntarily resign prior to January 3, 2006, you agree that you are obligated to repay LexisNexis div. of Reed Elsevier the entire bonus. If you voluntarily resign between January 4, 2006 and June 30, 2007, you agree that you are obligated to repay $50,000.

It also contains a provision regarding the payment of severance if LexisNexis terminates Plaintiff's employment for any reason other than Cause, which states, in part:

> Should your employment with the company be terminated, at any time, for any reason other than Cause, you will receive a severance payment equal to twelve months' of your then current base salary upon your signing a waiver and release agreement in a form acceptable to LexisNexis...

On December 14, 2006, Plaintiff informed LexisNexis that he was resigning unless certain demands were met. LexisNexis refused to meet Plaintiff's demands and then immediately began to transition Plaintiff out of the company pursuant to his resignation. During the transition, Plaintiff and Defendant agreed that Plaintiff would not be entitled to severance due to his resignation but would receive compensation pursuant to certain incentive plans to which Plaintiff was not otherwise entitled because of his resignation. Plaintiff's last day of employment was March 31, 2007. To date, Plaintiff has not paid LexisNexis $50,000 for repayment of his signing bonus pursuant to the employment agreement.

   (4)   **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

   **ANSWER:**

   a)   Breach of contract;

    b)    O.C.G.A. § 13-6-11;

    c)    O.C.G.A. § 13-6-13;

    d)    <u>Bulloch Academy</u>, 184 Ga. App. 42, 360 S.E.2d 615 (1987); and

    e)    equitable estoppel.

(5)  **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)**

**ANSWER**: See Attachment A.

(6)  **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**ANSWER**: LexisNexis has not determined whether any persons may be used to present evidence at trial under the above-referenced Federal Rules of Evidence. In the event LexisNexis decides to use an expert, LexisNexis will identify the expert and will amend its answer to this disclosure within the time limits required by the Federal Rules of Civil Procedure.

(7)  **Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

ANSWER: See Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

ANSWER: LexisNexis claims that it is entitled to $50,000 as specified in Plaintiff's employment agreement plus attorneys' fees and prejudgment interest. The employment agreement is in LexisNexis' possession.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

ANSWER: LexisNexis does not contend that it or any other person or legal entity is liable to the Plaintiff in this matter.

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

ANSWER: Not applicable.

-6-

Respectfully submitted this 4th day of September, 2007.

/s/ Brennan W. Bolt
Brennan W. Bolt
Georgia Bar No. 066170
bbolt@mcguirewoods.com
Mark L. Keenan
Georgia Bar No. 406830
mkeenan@mcguirewoods.com

McGuireWoods LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30303
404.443.5740 (telephone)
404.443.5756 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW J. PERLMUTTER,<br><br>Plaintiff,<br><br>v.<br><br>REED ELSEVIER, INC. D/B/A<br>LEXISNEXIS,<br><br>Defendant. | Case No. 1:07-CV-1762-GET |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed **Defendant's Initial Disclosures** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John L. Monroe, Jr.
Jaclyn C. Platten
Ford & Harrison LLP
1275 Peachtree Street, NE
Suite 600
Atlanta, GA 30309

This 4th day of September, 2007.

/s/ Brennan W. Bolt
Brennan W. Bolt