IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW J. PERLMUTTER,<br><br>    Plaintiff,<br><br>    v.<br>REED ELSEVIER, INC. D/B/A/ LEXISNEXIS,<br><br>    Defendant. | CIVIL ACTION NO.:<br>1:07-CV-1762-GET |

**PLAINTIFF'S EXPEDITED MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**

Civil discovery is not a game of ambush. Yet apparently, Defendant's intent is to subject Plaintiff to examination without allowing him the opportunity to review the relevant documents in advance. Defendant's approach is not only unfair, but it flies in the face of the purpose of civil discovery process, which is to reveal the truth.

**FACTS LEADING TO THIS DISPUTE**

This is a straightforward breach of contract case. Plaintiff, Andrew J. Perlmutter ("Perlmutter" or "Plaintiff"), contends that Defendant, Reed Elsevier, Inc. D/B/A/ LexisNexis ("LexisNexis" or "Defendant") breached their employment contract when it failed to pay him severance pay and certain bonus

Dockets.Justia.com

pay. Defendant denies this claim in its Answer and has asserted a Counterclaim against Plaintiff for return of a signing bonus under a breach of contract theory. Discovery began on September 4, 2007 and concludes on January 4, 2008. The parties have exchanged the mandatory Initial Disclosures. However, neither party has produced any documents. Indeed, Defendant only vaguely identified: 1) "Plaintiff's personnel file including Plainitff's employment agreement, which LexisNexis has in its possession" and 2) "Email correspondence between Plaintiff, James Peck, and Laurie Villa regarding Plaintiff's resignation and transition from the complaint, which LexisNexis has in its possession" as the documents that it may use to support its defenses. On September 18, 2007, Plaintiff served Defendant with Interrogatories and Requests for Production. Defendant has not yet produced any documents in response to these requests, nor has it produced any of the documents to which it vaguely alludes in its Answer.

After conferring extensively and discussing numerous deposition dates, Defendant has now decided to depose Plaintiff prior to producing a single relevant document. Plaintiff has resisted this approach and informed Defendant that Plaintiff will be made available for deposition after Defendant satisfies its Rule 26 and Rule 34 obligations. In any event, the date that Defendant selected, October 5, 2007, was one that Plaintiff initially offered, and Defendant rejected as

- 3 -

inconvenient. As a result of Defendant's response that this date was problematic for his client, Plaintiff made alternative arrangements and Plaintiff's counsel, Mr. Monroe, has scheduled an out-of-state trip for that date.

In their last conversation, on September 25, 2007, Ms. Platten, counsel for Plaintiff, informed Mr. Bolt, counsel for Defendant, that Plaintiff would not be available for deposition unless and until Defendant produced the requested documents. Plaintiff has attached Ms. Platten's affidavit as Exhibit 1. Mr. Bolt did not give any reason as to why he would not produce the documents prior to taking Plaintiff's deposition. Ms. Platten confirmed her conversation in a letter to Mr. Bolt. Mr. Bolt's response was to notice the Deposition. Thereafter, Ms. Platten received an e-mail confirmation from Mark Keenan, another attorney for Defendant, (Exhibit B of Platten's affidavit). The e-mail confirms Defendant's intent to insist upon deposing Plaintiff prior to the production of the relevant e-mail correspondence and other documents. This Motion followed.

## ARGUMENT

A court may issue a protective order pursuant to Fed. R. Civ. P. 26(c), where the party seeking the order demonstrates "good cause" for the order. See McCarthy v. Barnett Bank of Polk County, 876 F.2d 89 (11th Cir. 1989); see also Fed. R. Civ. P. 26 (c) (holding "[u]pon motion by a party. . .and for good cause

shown, the court. . .may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden. . . ").

In this case, Plaintiff can demonstrate "good cause" for the Court to issue a Protective Order as Defendant is attempting to impede the purpose discovery by refusing to allow Mr. Perlmutter to review the relevant documents prior to his deposition. "The overall purpose of discovery under the Federal Rules if to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Herron v. Eastern Industries, Inc., 2007 U.S. Dist. LEXIS 69339 at * 3 (N.D. Fla. Sept. 19, 2007). Accordingly, in the interest of justice, it is not unusual for a Court to mandate that one party produce requested documents prior to deposition. See Gutter v. E.I. DuPont de Nemours & Co., 1999 U.S. Dist. LEXIS 22725 at *4 (S.D. Fla. Feb. 16, 1999, aff'd 124 F.Supp.2d 1291 (S.D. Fla. 2000))(holding that certain "fairness" documents should be produced prior to the taking of depositions); Sparks Tune-Up Centers, Inc v. Strong, 175 B.R. 230, 1994 U.S. Dist. LEXIS 13945 at *6 (N.D. Ill. 1994)(the court ordered that Defendants will be required to produce the requested documents prior to the dates of their depositions).

Bombarding Plaintiff with a document intensive examination without allowing him to first review the documents to determine the context, meaning and significance, will not only oppress and overwhelm him, but it will obstruct discovery of the true facts. Defendant's discovery ploy is unfair and undermines the purpose of both the discovery and litigation processes. Additionally, because discovery does not conclude until January 4, 2008, Defendant is not being inconvenienced or prejudiced in any manner by scheduling a deposition date after the documents have been produced.

Moreover, Plaintiff should also be able to inspect Defendant's documents prior to his deposition for efficiency purposes. In a comparative situation, the defendants, in a trade secret case, requested that the depositions be deferred until its own production of documents pursuant to plaintiff's Rule 34 motion had been substantially completed. <u>Halcon International, Inc., v. Snam Progetti, S.P.A.</u>, 1968 U.S. Dist. LEXIS 12833 at * 12 (S.D. N.Y. Dec. 27, 1968). The Court agreed that this request was reasonable and held that if the plaintiff did in fact decide to take the depositions before the documents were produced for examination, "there would be the risk that it would later discover documents containing new matter which would necessitate further depositions; whereas if it inspects substantially all of the documents before embarking upon the depositions, this risk will be minimized."

Id.  Like in <u>Halcon International, Inc.</u>, in this case, both parties should review the other parties' documents prior to deposition to ensure efficient, effective and fair litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Expedited Motion for Protective Order staying Mr. Perlmutter's deposition until Defendant has produced the relevant documents, and that in any event, the deposition be rescheduled to a date after October 22, 2007 for the convenience of the parties and counsel.

## CERTIFICATION OF DISCOVERY CONFERENCE

As reflected by the affidavit attached hereto, the undersigned hereby certifies that she has conferred with counsel for Defendant in a good faith attempt to resolve this dispute without court action.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel of Defendants certifies that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

- 7 -

Respectfully submitted this 26th day of September 2007.

                                    s/Jaclyn C. Platten
JOHN L. MONROE, JR.
Georgia Bar No. 516190
jmonroe@fordharrison.com
JACLYN C. PLATTEN
Georgia Bar No. 113250
jplatten@fordharrison.com
Attorneys for Plaintiff

FORD & HARRISON LLP
1275 Peachtree Street, N.E.
Suite 600
Atlanta, Georgia  30309
Phone: (404) 888-3800
Fax: (404) 888-3863

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW J. PERLMUTTER,<br><br>    Plaintiff,<br><br>    v.<br>REED ELSEVIER, INC. D/B/A/ LEXISNEXIS,<br><br>    Defendant. | CIVIL ACTION NO.:<br>1:07-CV-1762-GET |

### CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2007, I electronically filed the foregoing **PLAINTIFF'S EXPEDITED MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT** with the Clerk of the Court, using the Court's CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

    Brennan W. Bolt
    Mark L. Keenan
    MCGUIREWOODS, LLP
    1170 Peachtree Street, N.E.
    Suite 2100
    Atlanta, GA   30309

- 9 -

                                                s/Jaclyn C. Platten
                                                Jaclyn C. Platten
Georgia Bar No. 113250
jplatten@fordharrison.com

FORD & HARRISON LLP
1275 Peachtree Street, N.E.        Attorney for Plaintiff
Suite 600
Atlanta, GA  30309
Telephone: (404) 888-3800
Facsimile: (404) 888-3863


Atlanta:431901.1