IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW J. PERLMUTTER, } | |
| } | |
| Plaintiff, } | |
| } | Case No. 1:07-CV-1762-GET |
| v. } | |
| } | |
| REED ELSEVIER, INC. D/B/A } | |
| LEXISNEXIS, } | |
| } | |
| Defendant. } | |
| _____ } | |

### **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION FOR A PROTECTIVE ORDER**

Plaintiff's Expedited Motion for a Protective Order should be denied because it is nothing more than an attempt to delay Defendant's discovery, and Plaintiff failed to propound any facts constituting "good cause" for a protective order. Moreover, Plaintiff's motion was filed even though Defendant expressed a willingness to resolve the parties' discovery dispute without the Court's intervention. Accordingly, Defendant requests that the Court deny Plaintiff's motion and award Defendant its reasonable attorneys' fees incurred in responding to Plaintiff's motion.

## BACKGROUND FACTS

This is a breach of contract case in which Plaintiff alleges Defendant failed to pay Plaintiff severance and bonus pay. Discovery began on September 4, 2007.

Since September 4, Defendant's counsel has had several telephone conversations with Plaintiff's counsel to attempt to schedule Plaintiff's deposition. Unfortunately, Plaintiff would only make himself available on Fridays in both September and October. Specifically, Plaintiff's counsel told Defendant's counsel that Plaintiff was only available on September 21 and 28 and October 5 and 12. After receiving these dates, Defendant's counsel asked whether Plaintiff was available on <u>any</u> non-Friday in October. (<u>See</u> Exhibit 1, ¶¶ 3-4).

On September 18, 2007, Plaintiff's counsel informed Defendant's counsel that November 5, 2007 was the first non-Friday that Plaintiff was available, and that Plaintiff was also available on Friday, November 2, 2007.  Defendant's counsel informed Plaintiff's counsel that delaying Plaintiff's deposition until November was unacceptable and reminded Plaintiff's counsel that, as a litigant, Plaintiff must expect some inconvenience related to the litigation. Defendant's counsel then asked Plaintiff's counsel to consult with her client again regarding his availability in October. (<u>See</u> Exhibit 1, ¶¶ 5-6).

-3-

In a subsequent phone call that same day, Plaintiff's counsel reiterated that November 5 was the first non-Friday Plaintiff would agree to be deposed. She also stated, <u>for the first time</u>, that Plaintiff was planning on serving discovery requests and that Plaintiff wanted to review Defendant's discovery requests and production of documents prior to his deposition. (<u>See</u> Exhibit 1, ¶ 7).

In response, Defendant's counsel told Plaintiff's counsel that they could not control the order of discovery and that Defendant had the right to depose Plaintiff without first producing documents. Defendant's counsel then stated that he would see if something could be arranged to take Plaintiff's deposition on October 5 or 12 as these were dates Plaintiff had said he was available. Accordingly, Defendant's counsel told Plaintiff's counsel to inform her client to keep October 5 and 12 as well as November 5 open for his deposition. (<u>See</u> Exhibit 1, ¶ 8). Later that day, Plaintiff served Defendant with interrogatories and requests for production.

One week later on September 25, Defendant's counsel confirmed by telephone that Defendant would depose Plaintiff on October 5. In a sudden about face, Plaintiff's counsel stated that they would refuse to produce Plaintiff for his deposition insisting that Defendant first produce documents to Plaintiff. Citing Federal Rule of Civil Procedure 26(d), Defendant's counsel again stated that Plaintiff could not control the order of discovery and that he would notice

Plaintiff's deposition for October 5, 2007. Jaclyn Platten, Plaintiff's co-counsel, never informed Defendant's counsel that John Monroe, Plaintiff's lead counsel, was unavailable on October 5. In fact, Mr. Monroe's availability was <u>never</u> brought up as an issue for any of the deposition dates.[1] (<u>See</u> Exhibit 1, ¶¶ 9-10).

Later that day Plaintiff's counsel sent a letter to Defendant's counsel stating, <u>for the first time</u>, that Mr. Monroe was unavailable on October 5. Plaintiff's counsel's letter reiterated that Plaintiff's counsel would refuse to make Plaintiff available for deposition until Defendant responded to Plaintiff's Request for Production. (<u>See</u> Exhibit 2).

On September 26, 2007, Defendant's counsel responded by email reasserting Defendant's right to depose Plaintiff prior to the deadline to respond to Plaintiff's discovery requests. Defendant also asserted that the Court's involvement was not yet necessary because it was willing to reschedule Plaintiff's deposition on October 12 or 19 if Plaintiff truly could not be deposed on October 5. (<u>See</u> Exhibit 3). Despite Defendant's offer, Plaintiff filed the expedited motion for protective order.

## **ARGUMENT AND CITATION OF AUTHORITY**

This Motion must be denied because it is an improper effort by Plaintiff to dictate the sequence of discovery. The Federal Rules of Civil Procedure provide

---

[1] Plaintiff is represented by a large labor and employment law firm, which should have some other attorney available to defend the deposition.

that "methods of discovery may be used in any sequence, <u>and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.</u>" Fed. R. Civ. P. 26(d) (emphasis added).

Plaintiff's motion must also be denied because Plaintiff has failed to provide "good cause" for a protective order under Rule 26(c). The burden of establishing "good cause" for the imposition of a protective order lies with the moving party, which Plaintiff clearly has failed to establish. <u>Chicago Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 263 F.3d 1304, 1313 (11th Cir. 2001); <u>United States v. Garrett</u>, 571 F.2d 1323, n.3 (5th Cir. 1978).

To establish "good cause," the moving party must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." <u>Garrett</u>, 571 F.2d at n.3 (citing <u>General Dynamics Corp. v. Selb Mfg. Co.</u>, 481 F.2d 1204, 1212 (8th Cir. 1973), <u>cert denied</u>, 414 U.S. 1162 (1974)).

The fact that Defendant's discovery responses are due after Plaintiff's scheduled deposition date does not constitute sufficient good cause to warrant a protective order under Rule 26(c). <u>Moss v. Blue Cross and Blue Shield of Kansas, Inc.</u>, 2007 U.S. Dist. LEXIS 36419, at *5 (D. Kansas Jan. 17, 2007); <u>Teletel, Inc. v. Tel-Tel US Corp.</u>, 2000 U.S. Dist. LEXIS 13273, at *4-5 (S.D.N.Y. Sept. 15,

2000); Hogan v. DC Comics, 1997 U.S. Dist. LEXIS 13799, at *7-8 (N.D.N.Y. Sept. 9, 1997).

In Teletel, the plaintiff would not provide a date for its deposition and sought an extension for the deadline to conduct depositions because it had not received documents from one of the defendants. The court denied the plaintiff's request because "it was unnecessary for plaintiff's principals to review defendant's documents in order to testify to their own knowledge of the facts of the case." Teletel, 2000 U.S. Dist. LEXIS 13273 at *3-4 (citing Hogan, supra). See also Convermat Corp. v. St. Paul Fire and Marine Ins. Co., 2007 U.S. Dist. LEXIS 69107 (E.D.N.Y. Sept. 18, 2007) (granting defendant's motion to compel the plaintiff to produce a corporate executive for deposition despite plaintiff's argument that it will suffer prejudice if required to give testimony without first having the opportunity to review responses to its discovery demands).

Likewise, in Hogan, the plaintiffs objected to a deposition notice and served a first request for the production of documents. The plaintiffs argued that it "would be unfair for [one of the plaintiffs] to be deposed without the benefit of reviewing all of defendant's documents." The court rejected this argument because it saw no reason why the plaintiffs should have the benefit of the defendant's internal

documents prior to the deposition. <u>Hogan</u>, 1997 U.S. Dist. LEXIS 13799 at *20. Indeed, the Court found that providing the plaintiff with the "defendants' internal documents would provide [the plaintiff] the opportunity to tailor his testimony accordingly in order to bolster his claim."[2] <u>Id</u>. at *21.

In <u>Moss</u>, the defendants wanted to take plaintiff's deposition in early January, but the plaintiff preferred February so the parties could first complete written discovery. The plaintiff argued that written discovery could possibly avoid additional deposition costs. The court specifically found "that plaintiff's desire to take plaintiff's deposition only after the conclusion of written discovery does not constitute good cause." <u>Moss</u>, 2007 U.S. Dist. LEXIS 36419 at *6. The court further noted that "a party may not withhold discovery solely because it has not obtained to its satisfaction other discovery." <u>Id</u>. (punctuation and citations omitted). <u>See</u> <u>also</u> <u>Meisch v. Fifth Transoceanic Shipping Co.</u>, 1994 U.S. Dist. LEXIS 14995, at *2 (S.D.N.Y. October 21, 1994) (denying plaintiff's motion to compel discovery from defendants prior to plaintiff's deposition because of

---

[2] The court did require that the defendants produce prior to anyone's deposition the plaintiff's own notes and memoranda and stenographic transcripts of any conversations or meetings between plaintiffs and defendants that might be in defendants' possession. <u>Id</u>. at *21. However, at this time, LexisNexis is unaware of any notes created by Plaintiff or stenographic transcripts of any conversations between Plaintiff and Defendant in its possession relevant to the litigation. Moreover, even if they existed, Defendant submits that Plaintiff has not established good cause for the production of those or any other documents prior to his deposition. Accordingly, Plaintiff is not entitled to any documents prior to his deposition.

plaintiff counsel's unjustified insistence on receipt of certain discovery materials before he would allow the plaintiff to be deposed).

Here, Plaintiff similarly cannot establish good cause for a protective order. First, Plaintiff has not set forth "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" as to why he must review the requested documents prior to his deposition.[3] Second, Defendant will be prejudiced if required to first produce documents to Plaintiff because Plaintiff would be given an opportunity tailor his testimony to bolster his claim based on those documents. Defendant has the right to determine what Plaintiff saw, heard, or did and what he thinks before reviewing all potentially relevant documentary evidence. Teletel, 2000 U.S. Dist. LEXIS 13273 at *4-5l (citing Hogan, supra; Hall v. Clifton Precision, 150 F.R.D. 525, 528 (E.D. Pa. 1993) ("The underlying purpose of a deposition is to find out what a witness saw, heard, or did—what the witness thinks.")). Moreover, Plaintiff will not be prejudiced because Defendant will provide Plaintiff reasonable time to review any document used during his deposition prior to answering any questions regarding that document. Accordingly, Plaintiff's motion for protective order must be denied.

---

[3] Although no documents were produced in connection with the parties' mandatory Initial Disclosures, the Local Rules do not require the production of documents.

Plaintiff's cases cited in support of his motion are easily distinguishable. In <u>Halcon International, Inc. v. Snam Progetti, S.p.A.</u>, 1968 U.S. Dist. LEXIS 12833, at *12 (S.D.N.Y. Dec. 27, 1968), the defendants requested that <u>their</u> depositions be delayed until after <u>they</u> produced all of <u>their</u> documents to plaintiff to avoid the need to depose the defendants more than once. As such, the defendants did not ask the court to compel the plaintiff to produce documents prior to the defendants' depositions.[4]

In <u>Gutter v. E.I. du Pont de Nemours and Company</u>, 1999 U.S. Dist. LEXIS 22725, at *4-5 (S.D. Fl. Feb. 16, 1999), the "fairness" documents were to be produced by the deponent, not the party taking the deposition. Further, neither party requested that a deposition be delayed so a deponent could request documents from the deposing party.

Similarly, in <u>Sparks Tune-Up Centers, Inc. v. Strong</u>, 175 B.R. 230, 232, 1994 U.S. Dist. LEXIS 13945, at *6 (N.D. Ill. 1994), the court ordered the <u>defendants</u> to produce documents to the plaintiff before the <u>defendants'</u> depositions. As such, the defendants in <u>Sparks Tune-Up</u> were not objecting to their deposition on the basis that they had not yet had an opportunity to request

---

[4] Moreover, <u>Halcon</u> predates Fed. R. Civ. P. 26(d), which was added in the 1970 amendments to the Federal Rules.

documents from the plaintiff. Accordingly, these cases do not support Plaintiff's request for a protective order, and the motion should be denied.

Further, Plaintiff's counsel sudden unavailability is also suspect and not sufficient grounds for good cause. Not until <u>after</u> Defendant confirmed October 5, 2007, for Plaintiff's deposition did Plaintiff's lead counsel assert that he was unavailable for the deposition. Moreover, it appears that co-counsel is available on October 5, 2007, and can attend Plaintiff's deposition. Accordingly, Plaintiff cannot establish good cause for a protective order as required by Fed. R. Civ. P. 26(c). Therefore, Plaintiff's motion must be denied.

Moreover, Plaintiff failed to satisfy Fed. R. Civ. P. 26(c)'s requirement that a party confer in good faith to resolve the dispute without court action. Indeed, before Plaintiff filed his motion, Defendant's counsel wrote expressing a willingness to resolve the parties' discovery dispute without the Court's intervention. Despite Defendant's willingness, Plaintiff filed the motion for a protective order without even responding to Defendant's correspondence. As Plaintiff failed to confer in good faith with Defendant to resolve this dispute, the motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's expedited motion for a protective order, award Defendant its reasonable attorneys' fees and costs reasonably incurred responding to Plaintiff's motion, and award any other relief the Court deems just and proper.

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the font and size requirements (Times New Roman, 14 pt) pursuant to Local Rule 7.1(D).

Respectfully submitted this 1st day of October, 2007.

/s/ Brennan W. Bolt
Brennan W. Bolt
Georgia Bar No. 066170
bbolt@mcguirewoods.com
Mark L. Keenan
Georgia Bar No. 406830
mkeenan@mcguirewoods.com

McGuireWoods LLP
1170 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia  30303
404.443.5740 (telephone)
404.443.5756 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW J. PERLMUTTER,  }<br>  }<br>  Plaintiff,  }<br>  }<br>v.  }<br>  }<br>REED ELSEVIER, INC. D/B/A  }<br>LEXISNEXIS,  }<br>  }<br>  Defendant.  }<br>_____  } | Case No. 1:07-CV-1762-GET |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed **Defendant's Memorandum In Opposition To Plaintiff's Expedited Motion For A Protective Order** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John L. Monroe, Jr.
Jaclyn C. Platten
Ford & Harrison LLP
1275 Peachtree Street, NE
Suite 600
Atlanta, GA 30309

This 1st day of October, 2007.

/s/ Brennan W. Bolt
Brennan W. Bolt