IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDREW J. PERLMUTTER, }
}
    Plaintiff, }
}
v. } Case No. 1:07-CV-1762-GET
}
REED ELSEVIER, INC. D/B/A }
LEXISNEXIS, }
}
    Defendant. }
_____}

## STATEMENT OF BRENNAN W. BOLT

1. My name is Brennan W. Bolt. I am an associate with the law firm of McGuireWoods LLP, which represents Defendant, LexisNexis, a division of Reed-Elsevier Inc., ("LexisNexis" or "Defendant"), in the above-captioned matter.

2. I have personal knowledge of the facts set forth in this statement. I am over the age of 18 and competent and authorized to make this statement.

3. On September 4, 2007, I contacted Jaclyn Platten ("Platten"), counsel for Plaintiff Andrew Perlmutter ("Plaintiff"), to attempt to schedule Plaintiff's deposition. Between September 4, 2007, and September 25, 2007, Platten and I have had multiple conversations regarding Plaintiff's availability for his deposition.

EXHIBIT 1

Dockets.Justia.com

4.   Platten told me that Plaintiff was available on Friday, September 21; Friday, September 28; Friday, October 5; and Friday, October 12. After receiving those dates, I asked Platten if Plaintiff was available on any non-Fridays in October.

5.   On or about September 18, 2007, Platten called and stated that November 5, 2007, was the first non-Friday that Plaintiff was available, and that Plaintiff was also available on Friday, November 2, 2007.

6.   I then told Platten that delaying Plaintiff's deposition until November was unacceptable because we had been trying to schedule Plaintiff's deposition since the beginning of September. I also stated that Plaintiff initiated this lawsuit and that all parties should expect some inconvenience related to the litigation. I then asked Platten to consult with her client again regarding his availability in October.

7.   In a subsequent call that same day, Platten reiterated that November 5 was the first non-Friday Plaintiff would agree to be deposed. She also told me, for the first time, that she was planning on serving discovery requests and that Plaintiff wanted to review Defendant's discovery requests and production of documents prior to his deposition.

8. I told Platten that they could not control the order of discovery and that LexisNexis had the right to depose Plaintiff without first producing documents. I also told her that I would see if something could be arranged to take Plaintiff's deposition on October 5 or 12. Accordingly, I asked her to tell her client to keep October 5 and 12 as well as November 5 available for his deposition.

9. On September 25, 2007, I confirmed with Platten by telephone that LexisNexis would depose Plaintiff on October 5. Platten stated that they would refuse to produce Plaintiff for his deposition insisting that Defendant first produce documents to Plaintiff. Citing Federal Rule of Civil Procedure 26(d), I told her that Plaintiff could not control the order of discovery and that I would notice Plaintiff's deposition for October 5, 2007.

10. Platten never informed me during our telephone conversations that John Monroe, Plaintiff's lead counsel, was unavailable on October 5 or any other date proposed by Platten.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on October 1, 2007.

Brennan W. Bolt