**Keenan, Mark L.**

---

**From:** Keenan, Mark L.
**Sent:** Wednesday, September 26, 2007 11:29 AM
**To:** 'jplatten@fordharrison.com'
**Subject:** Perlmutter


EXHIBIT 3

Jaclyn:

I have spoken to Brennan about your phone call to me and taken a brief review of the file, including your letter which we received late yesterday afternoon. During your call, you stated that you have already filed a Motion For A Protective Order with the Court, however, neither of us have seen this motion, nor have we been notified by the e-filing system that such a motion was filed. In addition, based on my call with Brennan, your letter does not accurately set forth the parties' dispute, or the conversations which led to this situation. In addition, as set forth below, we believe it is premature and unnecessary to involve the Court in this dispute.

As I understand the facts, Brennan has been trying to schedule Mr. Perlmutter's deposition with you since discovery began at the beginning of this month. In your discussions since Sept 4, you apparently told Brennan that Plaintiff was only available on Fridays in September and October, and you specifically gave October 5 and 12 as dates Plaintiff was available. We are hard-pressed to believe Plaintiff is only available on Fridays, and there are numerous court decisions which remind litigants that there is some inconvenience involved in litigation. Brennan expressed this to you and asked you to reconfirm with your client that he was only available on Fridays in October. After consulting with your client, you stated that the first non-Friday he was available was November 5. You also stated that you did not want to make Plaintiff available until after you had served, AND we had responded to certain discovery requests. In any event, Brennan specifically told you to hold the Oct 5 and 12 dates open in addition to two November dates you gave him.

Yesterday, Brennan then contacted you to confirm the date for October 5, and to tell you that we would notice the Plaintiff's dep for that date. This was purely a matter of professional courtesy, as we are not required to contact you in advance, and you had previously stated Plaintiff was available on October 5. You told Brennan that you wanted our responses to your discovery first. We are interested in getting Plaintiff's deposition completed immediately, and Brennan quite properly told you that we were not required to wait for you to serve your discovery requests and for us to respond to that discovery, before we proceed with Plaintiff's dep. The federal rules are quite clear on this, and my understanding is Brennan also cited Rule 26(d) to you which states the same.

You then stated that you wanted Plaintiff to have a chance to review documents before the deposition, and Brennan properly stated that we were entitled to test Plaintiff's recollection with and without such documents. Obviously, during the deposition, Mr. Perlmutter can take as much time as he needs to review any documents. In any event, as we are over three weeks into discovery. We expressed our desire to depose Plaintiff weeks prior to the service of your discovery requests, and we are entitled to proceed based on our schedule - not yours.

Your letter states that Brennan told you Oct 5 was a problem for our client. It is my understanding that when you and Brennan were discussing dates earlier this month, and you said October 5 was available, Brennan told you October 5 was problematic for our client, but that he also informed you that same day to hold it open to see something could be arranged. In any event, our client's attendance at Plaintiff's deposition is a matter of concern for us - not you.

Only after Brennan confirmed October 5 by phone, you subsequently informed us **for the first time via your letter yesterday** that Plaintiff was no longer available on October 5, and that he wasn't available until November. Obviously, this is a sudden change in Plaintiff's availability, which we find suspicious.

We believe it is inappropriate to involve the Court in this matter, particularly given the fact that you had told Brennan Plaintiff was available on October 5. If you give us specific proof concerning Plaintiff's sudden unavailability, we are willing to work with you on a different date, but under the Federal Rules, and numerous court decision, we are not required respond to your discovery before the deposition takes place. Accordingly, to the extent Plaintiff is truly not available on October 5, we would anticipate that he is available on October 12 or Oct 19 given your previous representations that he was available on Fridays in October. We are not willing to hold off on Plaintiff's deposition until November.

Please contact me after you have considered these issues if you want to resolve this today. Brennan will be available as well tomorrow, and given that the deposition in not scheduled for another week, it would seem very premature to involve

the Court in this dispute. If you insist on involving the Court at this early juncture in a dispute which the parties should resolve on their own, we will ask the Court to award attorneys' fees given that there is no need for a Motion for A Protective Order, nor a hearing on any such motion, as of this week.

**Mark Keenan**

McGuireWoods LLP

1170 Peachtree Avenue N.E., Suite 2100

Atlanta, Georgia 30309

404.443.5709 (Direct Line)

404.443.5759 (Direct FAX)

mkeenan@mcguirewoods.com

This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.